IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TRACEY GRAGG, individually and on Behalf of the deceased, Micheal Gragg<br><br>Plaintiff,<br><br>v.<br><br>DAVITA DIALYSIS d/b/a DaVita RX<br><br>Defendant. | No. 2:20-CV-03268 |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant DaVita Dialysis' Motion to Dismiss Plaintiff's Amended Complaint. (d/e 10). Plaintiff Tracey Gragg, individually and on behalf of her late husband, Micheal Gragg, has not responded to the motion. Because Plaintiff has failed to comply with this Court's Local Rules, Defendant's Motion to Dismiss is GRANTED.

On October 9, 2020, Plaintiff Tracey Gragg, along with her husband Micheal Gragg, filed a Complaint against Defendant DaVita Dialysis. (d/e 1). Sadly, Mr. Gragg passed away on July 30, 2021, but Mrs. Gragg was allowed to substitute herself for her late

husband on September 21, 2021. See (d/e 13 & 14). Before that, though, Plaintiff filed an Amended Complaint on December 4, 2020, alleging medical negligence, violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq., violations of Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191,110 Stat.1936 (1996), unspecified hostile environment and retaliation, and various other unspecified civil rights violations.

On December 14, 2020, Defendant filed the present Motion to Dismiss, (d/e 10), and an accompanying memorandum of law in support thereof, (d/e 11). The Motion to Dismiss contains proof of service stating that it was mailed to Plaintiff the same day it was filed. As of this date, Plaintiff has not responded to Defendant's Motion to Dismiss.

Local Rule 7.1(B)(2) states that "[a]ny party opposing a motion . . . must file a response to the motion . . . within 14 days after service of the motion and memorandum. If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." Pursuant to that Rule, Plaintiff was allowed until December 28,

2020, to file a response.  Plaintiff's failure to do so constitutes a lapse and a failure to comply with Local Rule 7.1(B)(2).  Therefore, Defendant's Motion (d/e 10) is GRANTED.

Additionally, the Court finds that any additional filing would be futile.  First, Plaintiff has extensive experience in filing in this Court, see Gragg et al. v. Southern Illinois University Physicians & Surgeons et al., No. 17-cv-03195 (C.D. Ill. Case dismissed without prejudice on Oct. 23, 2017).  Second, the subject of the present Motion to Dismiss (d/e 10) is Plaintiff's Amended Complaint (d/e 9). The Amended Complaint was filed after Defendant filed its first Motion to Dismiss (d/e 6), which was denied as moot because Plaintiff had filed the Amended Complaint.  See Text Order Aug. 18, 2021.  Because Plaintiff has had an opportunity to correct the pleading deficiencies from her first Complaint—and failed to correct the deficiencies—the Court finds that granting Plaintiff an additional opportunity to file her claims would be futile.  Therefore, the Amended Complaint is DISMISSED WITH PREJUDICE.

Lastly, the Court notes that Defendant has filed a Second Motion to Dismiss, (d/e 15), in which Defendant raises largely the same arguments from its first motion.  Because the Court GRANTS

Defendant's first Motion to Dismiss (d/e 10), Defendant's Second Motion to Dismiss (d/e 15) is DENIED as MOOT.

IT IS THEREFORE ORDERED:

    (1) Defendant's Motion to Dismiss (d/e 10) is GRANTED.

    (2) Defendant's Second Motion to Dismiss (d/e 15) is DENIED as MOOT.

    (3) This case is DISMISSED WITH PREJUDICE.  Judgement to enter in favor of Defendants and against Plaintiff.

    (4) This case is terminated.

**ENTERED:  September 28, 2021**

**FOR THE COURT:**      **/s/ Sue E. Myerscough**
    **SUE E. MYERSCOUGH**
    **UNITED STATES DISTRICT JUDGE**